UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL SCHAFER,

                              Plaintiff,                5:16-CV-0042
                                                                       (GTS)

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON           STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13203

U.S. SOCIAL SECURITY ADMIN.                 MICHELLE L. CHRIST, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **<u>DECISION and ORDER</u>**

      Currently before the Court, in this Social Security action filed by Michael Schafer ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 9, 11.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

I.      RELEVANT BACKGROUND

    A.      Factual Background

Plaintiff was born on November 7, 1960. Plaintiff has a Bachelor of Fine Arts degree and past work as an office machine sales representative and mechanic dispatcher.[1] Generally, Plaintiff's alleged disability consists of chronic pelvic pain, spinal arthritis, depression, anxiety, post-traumatic stress disorder ("PTSD"), and mental breakdowns.

    B.      Procedural History

On November 26, 2012, Plaintiff protectively filed applications for Disability Insurance benefits and Supplemental Security Income benefits. Plaintiff's application was initially denied on March 5, 2013, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). On May 16, 2014, Plaintiff appeared in a video teleconference hearing before the ALJ, David J. Begley. (Tr. 48-79.) On July 9, 2014, the ALJ issued a written decision, finding Plaintiff not disabled under the Social Security Act. (Tr. 13-26.) On December 6, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.)

    C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following sixth findings of fact and conclusions of law. (Tr. 15-25.) First, the ALJ found that Plaintiff meets the insured status requirements through September 30, 2010, and has not engaged in substantial gainful activity

---

[1]     In his memorandum of law, Plaintiff argues that "this classification" of his past relevant work is "in error," but acknowledges that any error is harmless because the analysis of his case proceeded beyond the consideration of his past relevant work. (Dkt. No. 9 at 2 [Plf.'s Memo. of Law].) Plaintiff does not otherwise identify the manner in which the ALJ's classification was purportedly erroneous.

since June 5, 2009, the alleged onset date. (Tr. 15.) Second, the ALJ found that Plaintiff's osteoarthritis of the spine, hypertension, degenerative joint disease of the left knee, prostatitis, depression, generalized anxiety disorder, PTSD, and history of polysubstance abuse constituted severe impairments. (Tr. 15-16.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 16-17.) In so doing, the ALJ considered Listings 1.00 (musculoskeletal system), 1.02 (major dysfunction of a joint[s] [due to any cause]), 1.04 (disorders of the spine), 4.00 (cardiovascular system), 6.00 (genitourinary system), 12.00 (mental disorders), 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.09 (substance addiction disorders), as well as the criteria in Paragraph B. (Tr. 16.) Fourth, the ALJ found that Plaintiff

> has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] cannot climb ladders, ropes or scaffolds; can occasionally climb ramps/stairs, balance, stoop, kneel, crouch or crawl; must avoid concentrated exposure to extreme heat; must avoid slippery and uneven surfaces, hazardous machinery and unprotected heights; [his] work is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions with few, if any, work place changes; [and his work] is limited to occasional interaction with coworker[s] and supervisor[s], and only occasional interaction with the general public.

(Tr. 17.)[2] Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 24.) Sixth, the ALJ found that there are other existing jobs in the national economy that Plaintiff can perform. (Tr. 25.)

---

[2] Light work requires the abilities to sit for six hours, stand or walk for six hours, lift up to 20 pounds at a time, and frequently lift or carry up to ten pounds during an eight-hour workday. 20 C.F.R. §§ 404.1567(b), 416.927(b); SSR 83-10, 1983 WL 31251 (1983).

3

Because this Decision and Order is intended primarily for the review of the parties, further discussion of the ALJ's decision and the relevant record evidence will be undertaken only where necessary to address Plaintiff's arguments.

**D.     The Parties' Briefings on Their Cross-Motions**

Generally, in support of his motion for judgment on the pleadings, Plaintiff advances the following two arguments. (Dkt. No. 9 [Plf.'s Memo. of Law].) First, Plaintiff argues that the ALJ failed to properly apply the treating physician rule when he declined to afford the opinion of Dr. Robert Feldman, M.D.,[3] controlling weight for four reasons: (1) Plaintiff's subjective complaints provided a sufficient basis for finding him disabled; (2) Dr. Feldman has treated Plaintiff since 2003, and his records "are full of reports of [Plaintiff's] pain" and his history of medication to address his pain; (3) the ALJ "fail[ed] to explicitly discuss all of" the factors set forth 20 C.F.R. §§ 404.1527(c) and 416.927(c) in determining the weight to be afforded Dr. Feldman's opinion; and (4) contrary to the ALJ's conclusion that "medical opinions expressed in th[e] form [used by Dr. Feldman] can never be given controlling weight or special significance,"

---

    3       On May 13, 2014, Dr. Feldman, a treating physician, submitted a medical source statement on Plaintiff's behalf. (Tr. 368-370.) Dr. Feldman diagnosed Plaintiff with "chronic pelvic pain" and opined, among other things, that Plaintiff (1) "constantly" experiences pain or other symptoms severe enough to interfere with his attention and concentration needed to perform even simple work tasks, (2) can walk one city block without rest or severe pain, (3) can sit for 30 minutes at a time, (4) can stand for 20 minutes at a time, (5) can sit and stand/walk for about two hours in an eight-hour workday, (6) requires a job that permits shifting positions at will from sitting, standing, or walking, (7) would need to take unscheduled breaks every 30 minutes to use the bathroom and lie down, (8) can rarely lift less than 10 pounds and never more than that, (9) can rarely twist, stoop, crouch, and climb stairs, and never climb ladders, (10) is likely to be absent from work as a result of his impairments for more than four days per month, and (10) based upon these considerations, is not capable of sustaining full-time work. (Tr. 368-370.) Moreover, Dr. Feldman opined that Plaintiff also suffers from depression and anxiety (in other words, Dr. Feldman checked those items on a list on the form), and that these conditions also affect Plaintiff's physical condition. (Tr. 368.)

Dr. Feldman's opinion constituted a proper medical source statement. (*Id.* at 4-8.) Second, Plaintiff argues that the ALJ committed reversible error by affording any weight (in this case, little weight) to the opinion of a single decision maker ("SDM") in determining Plaintiff's RFC (*id.* at 8-9).

Generally, in support of her motion for judgment on the pleadings, Defendant advances two arguments. (Dkt. No. 11 [Def.'s Memo. of Law].) First, with respect to Plaintiff's first argument, Defendant argues that the ALJ properly declined to give controlling weight to Dr. Feldman's opinion for seven reasons: (1) the extreme functional limitations identified by Dr. Feldman were inconsistent with the objective medical evidence; (2) although Plaintiff's treatment records reflect "sporadic complaints of" pelvic pain and generalized complaints of pain, there was no clear diagnosis or explanation of the pain and no other evidence of functional limitations resulting from the pain; (3) the physical examination conducted by state consultative examiner Elke Lorensen, M.D., performed in January 2013, provided substantial support for the ALJ's decision, particularly with regard to Plaintiff's remaining functional abilities as set forth in the ALJ's RFC determination; (4) the only apparent basis for Dr. Feldman's opinion was Plaintiff's subjective complaints; (5) psychiatric medicine is not Dr. Feldman's expertise, and his opinion that Plaintiff's depression and anxiety would contribute to his functional restrictions is thus entitled to less weight; (6) the only mental status exam in the record, performed by state consultative examiner Dr. Jeanne Shapiro (a psychologist), concluded that Plaintiff could perform simple and complex tasks; and (7) the ALJ's discussion of these considerations demonstrates that he properly considered the applicable regulatory factors in declining to afford Dr. Feldman's opinion controlling weight. (*Id.* at 4-8.)

Second, with respect to Plaintiff's second argument, Defendant argues that the ALJ did not commit reversible error by affording little weight to the SDM's assessment of Plaintiff for three reasons: (1) the ALJ acknowledged that the SDM's findings were not opinion evidence; (2) the ALJ concluded that Plaintiff had greater functional limitations than the SDM assessed; and (3) other record evidence was inconsistent with Dr. Feldman's opinion and substantially supported the ALJ's RFC determination. (*Id.* at 8.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or the determination was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the

7

> [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A. Whether the ALJ Failed to Follow the Treating Physician Rule

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11 at 4-8 [Def.'s Memo. of Law].) To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, those reasons).

The opinion of a treating source will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *accord,* 20 C.F.R. § 404.1527(c)(2); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

When controlling weight is not afforded to the opinion of a treating physician, the ALJ should consider the following factors to determine the proper weight to afford the opinion: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii)

the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 [2d Cir. 1998]). "Although the ALJ is required to explicitly consider all of the factors, the ALJ is not required to explicitly 'address or recite' each factor in his decision." *Reyes v. Colvin*, 13-CV-4683, 2015 WL 337483, at *16 (S.D.N.Y. Jan. 26, 2015); *see also Marquez v. Colvin*, 12-CV-6819, 2013 WL 5568718, at *12 (S.D.N.Y. Oct. 9, 2013) ("Although the ALJ did not explicitly recite the factors, his decision nonetheless adequately considered each factor[.]"). "If it is unclear whether the ALJ explicitly considered all of the factors, the court may search the record to assure that the treating physician rule has not been traversed, but only when the ALJ gives good enough reasons to allow the court to engage in such an inquiry." *Reyes*, 2015 WL 337483, at *16 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 [2d Cir. 2004]). Finally, the ALJ is also required to set forth his or her reasons for the weight that he or she assigns to the treating physician's opinion. *Id.*; *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw*, 221 F.3d at 134. "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Reyes*, 2015 WL 337483, at *14.

Here, the Court finds that the ALJ's determination to give little weight to Dr. Feldman's opinion was substantially supported by the record evidence for each of the reasons enumerated in Defendant's memorandum of law. (Dkt. No. 11 at 4-7 [Def.'s Memo. of Law].) *See also Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002) ("The treating physician's opinions were based upon plaintiff's subjective complaints of pain and unremarkable objective tests, and therefore the ALJ was not required to give that opinion controlling weight, as it was not 'well-supported by

9

medically acceptable clinical and laboratory diagnostic techniques.'") (quoting 20 C.F.R. §§ 404.1527[d][2], 416.927[d][2]); *Lao v. Colvin*, 14-CV-7507, 2016 WL 2992125, at *10 (E.D.N.Y. May 23, 2016) ("The Plaintiff does not point to any objective medical test results which the ALJ overlooked, and instead relies primarily on the Plaintiff's own subjective complaints, which do not, by themselves, provide the kind objective medical support required to trigger automatic deference under the treating physician's rule."); *see generally Schlichting v. Astrue*, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012) (Suddaby, J.) ("[C]onflicts in evidence . . . are for the Commissioner to resolve. . . . Where, as here, the Commissioner's decision 'rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner.'") (quoting *White v. Comm'r of Soc. Sec.*, 06-CV-0564, 2008 WL 3884355, at *11 [N.D.N.Y. Aug. 18, 2008] [Kahn, J.], adopting Report-Recommendation of DiBianco, M.J.]). Moreover, the ALJ's reasoning reveals that he appropriately considered the regulatory factors comprising the treating physician rule. (*See, e.g.,* Tr. 22 [noting (1) the "longitudinal history" of Dr. Feldman's treatment of Plaintiff, (2) that the supportability for Dr. Feldman's opinion was limited primarily to Plaintiff's subjective complaints of pain, and (3) that psychiatric medicine is not Dr. Feldman's area of expertise].) The ALJ thoroughly reviewed the other evidence in the record and adequately explained his reasons for declining to afford Dr. Feldman's opinion regarding Plaintiff's limitations controlling weight. *See Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (summary order) ("[S]ince the ALJ comprehensively explained the reasons for discounting Dr. Gupta's medical source statement, he complied with the dictates of the treating physician rule.").

Finally, as noted above, Plaintiff argues that the ALJ erred in concluding that "medical opinions expressed in this form [i.e., the form of Dr. Feldman's RFC assessment] can never be given controlling weight or special significance, even if it is by a treating physician[.]'" (Dkt. No. 9 at 7 [quoting Tr. 22].) Plaintiff's argument is made with reference to the ALJ's explanation that "[i]t should be noted that a claimant's [RFC] is not a medical issue, but is an administrative finding that is reserved to the Commissioner. Accordingly, medical opinions expressed in this form can never be given controlling weight or special significance, even if it is given by a treating physician[.]" (Tr. 22.) The Court construes this portion of the ALJ's decision as merely reciting the well-settled proposition that the issue of whether a claimant is disabled is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative."). The ALJ clearly considered the substance of Dr. Feldman's opinions as expressed in the RFC assessment and evaluated those opinions in the context of the other evidence of record. As a result, the Court concludes that Plaintiff's argument is lacking in merit.

For each of these reasons, as well as those set forth in Defendant's memorandum of law, the Court concludes that the ALJ properly applied the treating physician rule in formulating its RFC determination.

### B. Whether the ALJ Committed Reversible Error by Giving Little Evidentiary Weight to the Opinion of a Single Decision Maker

After carefully considering the matter, the Court answers this question in the negative for each of the reasons set forth in Defendant's memorandum of law. (Dkt. No. 11 at 8-9 [Def.'s Memo. of Law].) To those reasons, the Court adds the following analysis (which is intended to supplement, and not to supplant, those reasons).

"'Single decision makers' [SDMs] . . . are non-physician disability examiners who 'may make the initial disability determination in most cases without requiring the signature of a medical consultant.'" *Martin v. Astrue*, 10-CV-1113, 2012 WL 4107818, at *15 (N.D.N.Y. Sept. 19, 2012) (McAvoy, J.) (quoting 71 FR 45890-01, 2006 WL 2283653 [Aug. 10, 2006]). ALJs have been instructed by the Social Security Administration that the "determinations by SDMs should not be afforded any evidentiary weight at the administrative hearing level[,]" which has led numerous courts to conclude that assigning any evidentiary weight to an SDM's opinion is error. *Martin*, 2012 WL 4107818, at *15.

In this case, the SDM concluded that Plaintiff was capable of the full range of work at the light exertional level. (Tr. 22, 90-100.) The ALJ's decision gave "little weight" to the SDM's assessment. (T. 23.) The Court concludes that, to the extent that the ALJ's determination in this regard was erroneous, the error was harmless. As an initial matter, the ALJ correctly noted that "findings made by SDMs are not opinion evidence that ALJs should consider," and an "SDM function assessment is not a medical source statement[.]" (T. 22.) These observations demonstrate that the ALJ was aware that the SDM's evaluation was not to be afforded any weight. *See Cozeolino v. Colvin*, 11-CV-4530, 2013 WL 5533076, at *12 (E.D.N.Y. Sept. 30, 2013) (stating that "the mentioning of a non-physician or analyst's opinion does not merit remand" where the ALJ accorded little weight to the SDM's findings and recognized that the SDM "is not a medical doctor"); *Martin*, 2012 WL 4107818, at *15-16 (explaining that the "mere mention in the ALJ's decision that the analyst's report was 'not entitled to much weight' is not a basis for remand, especially in light of the wealth of other information that the ALJ considered").

Moreover, the ALJ did not accept the SDM's assessment, but rather determined that Plaintiff suffered greater functional limitations than the SDM had assessed. (Tr. 22-23.) Accordingly, the Court cannot conclude that the ALJ would have reached a different result with respect to Plaintiff's functional limitations if the ALJ had afforded the SDM's evaluation no weight. *See Keppeler v. Colvin*, 13-CV-1197, 2015 WL 1472094, at *6 (N.D.N.Y. Mar. 31, 2015) (D'Agostino, J.) ("The Court holds that even assuming the ALJ did give some weight to the SDM, it is harmless, because 'the ALJ found that [Plaintiff] was *more* functionally limited than the agency consultant[] opined.'") (quoting *Sears v. Astrue*, 11-CV-0138, 2012 WL 1758843, at *6 [D. Vt. May 15, 2012]); *see generally Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (noting that remand is unnecessary "[w]here application of the correct legal principles . . . could lead only to the same conclusion"); *Gray v. Colvin*, 13-CV-0955, 2015 WL 5005755, at *6 (W.D.N.Y. Aug. 20, 2015) ("Considering all of the medical evidence in combination with plaintiff's own reports, the ALJ's RFC assessment was supported by substantial evidence, regardless of the weight he gave to the opinion of the SDM.").

For each of these reasons, the Court concludes that the ALJ's determination affording little weight to the SDM's assessment constituted harmless error and remand is thus unwarranted.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits and supplemental security income benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: December 8, 2016
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge